IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:07CV157-1-C
3:05CR311-C

| | |
|---|---|
| STACEY JOAN BOGAN, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |
| ) | |

**THIS MATTER** is before the Court on initial review of Petitioner's Motions to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. No. 1) and for Appointment of Counsel (Doc. No. 2), filed on April 4, 2007. For the reasons stated below, the Petitioner's Motion to Vacate will be dismissed and Petitioner's Motion for Appointment of Counsel will be denied as moot.

PROCEDURAL HISTORY

On February 4, 2005, a Complaint was filed charging Petitioner with violating 18 U.S.C. § 1028A(a)(1) by committing fraud with identification documents. (Case No. 3:05cr311, Doc. No. 3). A Bill of Information containing this charge was filed on August 24, 2005. On August 25, 2005, the parties filed a Consolidated Plea Agreement.[1] (Case No. 3:05cr311, Doc. No. 2). On September 15, 2005, Petitioner entered a guilty plea at a Rule 11 hearing before a magistrate judge. (Case No. 3:05cr311, Doc. No. 8).

---

[1] Petitioner was awaiting sentencing in Case No. 3:04cr233. Her two criminal cases were consolidated for purposes of her plea agreement, pre-sentence report, and sentencing. Separate criminal judgments were entered.

On March 6, 2006, this Court refused to accept the Consolidated Plea Agreement, which was offered under Fed. R. Crim. P. 11(c)(1)(C). An Amended Consolidated Plea Agreement was filed on March 14, 2006, in which Petitioner agreed to plead guilty pursuant to Rule 11(c)(1)(B) to all counts in the Bill of Information in Case No. 3:04cr233 and to the one-count Bill of Information in Case No. 3:05cr311. (Case No. 3:05cr311, Doc. No. 10). Regarding Petitioner's post-conviction rights, the Amended Consolidated Plea Agreement stated that she and her attorney had discussed whether there were any potentially meritorious issues which might be relevant to an appeal or collateral motion. In light of those discussions, the Petitioner agreed to waive the vast majority of her direct appeal and collateral review rights.[2] However, the parties' Agreement preserved the Petitioner's right to challenge her conviction and sentence on the grounds of ineffective assistance of counsel and prosecutorial misconduct. The parties further preserved the Petitioner's right to challenge her sentence on the limited ground that "one or more findings on guideline issues were inconsistent with the explicit stipulations contained . . . in the plea agreement . . . , or on the basis of a unanticipated issue that arises during the sentencing hearing and which the District Judge finds and certifies to be of such an unusual nature as to require review by the United States Court of Appeals for the Fourth Circuit." (Case No. 3:05cr311, Doc. No. 10: Amended Consolidated Plea Agreement at ¶ 22).

On March 29, 2006, this Court conducted a combined Plea and Rule 11 and Sentencing Hearing and engaged the Petitioner in a lengthy colloquy to ensure that her guilty plea was

---

[2] The Court notes that two prior plea agreements contained the same appellate and collateral review waiver provisions.

intelligently and voluntarily tendered.[3] The Court asked counsel for the Government to summarize the essential terms of the Amended Consolidated Plea Agreement which included the appellate and collateral review waiver provisions. The Court then specifically asked Petitioner whether she understood the terms of the Plea Agreement as recited by counsel and whether she had enough time to discuss the agreement with her attorney. Petitioner indicated that she understood the terms of the Plea Agreement and that she had enough time to discuss the terms of the agreement with her attorney. The Court also confirmed that Petitioner had not been threatened or forced to sign the agreement, that no one had made promises of leniency to her, and that she was satisfied with the services of her attorney. The Court then determined that the Petitioner's guilty plea was knowing and voluntary.

Thereafter, the Court accepted the Petitioner's plea and sentenced her in Case No. 3:04cr233 to 120 months' imprisonment on Count One; 125 months on Counts Two through Five to run concurrently with each other and Count One. In Case No. 3:05cr311, the Court sentenced Petitioner to 24 months' imprisonment on Count One to run consecutively to the sentence imposed in Case No. 3:04cr233. Separate Judgments in each criminal case were entered on April 26, 2006 (Case No. 3:04cr233, Doc. No. 22; Case No. 3:05cr311, Doc. No. 11), and separate Amended Judgments [4] were entered on July 13, 2006 (Case 3:04cr233, Doc. No. 25; Case No. 3:05cr311, Doc. No. 13).

---

[3] The Court notes that this was Petitioner's third plea colloquy in which Petitioner expressly stated that she understood that by her Plea Agreement she was waiving her appellate and post-conviction rights.

[4] The Judgments were amended to correct a restitution payee.

Petitioner did not file a direct appeal. Instead, on April 9, 2007, Petitioner filed the instant Motion to Vacate, Set Aside, or Correct Sentence[5] alleging that her prior criminal history was miscalculated; the Court improperly rejected her prior plea agreement; the loss value was incorrect; and the Court did not give her the benefit of acceptance of responsibility. Petitioner asked that this Court "vacate [her] present sentence and honor [the] original sentence of 81 months." (Doc. No. 1: Motion at 14).

ANALYSIS

I.  INITIAL REVIEW AUTHORITY

Pursuant to Rule 4(b) of the Rules Governing Section 2255 Proceedings, sentencing courts are directed to examine promptly motions to vacate, along with "any attached exhibits and the record of prior proceedings . . ." in order to determine whether the petitioner is entitled to any relief on the claims set forth therein. If it is determined that the petitioner is not entitled to relief, the reviewing Court must dismiss the motion. Accordingly, this Court has reviewed the Petitioner's Motion and the pertinent record evidence. As explained below, such review clearly establishes that the Petitioner is not entitled to any relief on her claims.

II. PLEA AGREEMENT WAIVER

Petitioner's Amended Consolidated Plea Agreement specifically sets forth that Petitioner waived her right to challenge her sentence and conviction in post-conviction motions except by

---

[5] Petitioner has filed an identical motion to vacate in relation to her sentence and conviction in Case No. 3:04cr233. Under Rule 2(d) of the Rules Governing Section 2255 Proceedings, a petitioner must file separate motions to vacate to attack separate judgments. Petitioner, however, does not delineate which claims are against which criminal judgment. As all of her claims are waived, the Court need not specify which claims are applicable to the criminal case at issue in the instant motion.

claims of ineffective assistance of counsel or prosecutorial misconduct; a challenge to a sentence inconsistent with an explicit stipulation contained in the plea agreement; or a claim based upon an unexpected sentencing issue that has been certified for appeal by the sentencing judge. (Case No. 3:05cr311, Doc. No. 10: Amended Consolidated Plea Agreement at ¶ 22). However, the claims raised in the instant Motion allege that her prior criminal history was miscalculated; the Court improperly rejected her prior plea agreement; the loss value was incorrect; and the Court did not give her the benefit of acceptance of responsibility. There were no stipulations as to criminal history or acceptance of responsibility, and the Court adopted the parties' stipulated offense level. Thus, none of these claims fit within the exceptions to the waiver specified in the Amended Consolidated Plea Agreement.

At her Rule 11 hearing, Petitioner swore under oath[6] that she understood that she was waiving her right to challenge her sentence or conviction in a post-conviction proceeding. The Fourth Circuit has repeatedly approved the knowing and voluntary waiver of a defendant's appellate rights.[7] Moreover, the Fourth Circuit has recently expanded the general rule concerning appeal waivers to hold that a defendant may waive in a plea agreement her rights under § 2255 to

---

[6] In accordance with the law, this Court has placed great weight on the Petitioner's representations at her Rule 11 Hearing. See Blackledge v. Allison, 431 U.S. 63, 73-74 (1977) (representations made by a defendant at a plea hearing, as well as any findings made by the judge, constitute a formidable barrier in any subsequent collateral proceeding).

[7] See, e.g. United States v. Blick, 408 F.3d 162, 172 (4th Cir. 2005); United States v. General, 278 F.3d 389, 399-401 (4th Cir. 2002); United States v. Brown, 232 F.3d 399, 402-406 (4th Cir. 2000); United States v. Brock, 211 F.3d 88, 92 n.6 (4th Cir. 2000); United States v. Marin, 961 F.2d 493, 496 (4th Cir. 1992); United States v. Davis, 954 F.2d 182, 185-86 (4th Cir. 1992); United States v. Wessels, 936 F.2d 165 (4th Cir. 1991); and United States v. Wiggins, 905 F.2d 51, 52-54 (4th Cir. 1990) (defendant may waive right to appeal, just as he may waive more fundamental rights such as the right to counsel and the right to a jury trial).

attack her conviction and sentence collaterally. United States v. Lemaster, 403 F.3d 216 (4th Cir. 2005). Because the Petitioner has not alleged that her Plea Agreement is invalid, the Court finds that the Agreement's waiver provision is valid and fully enforceable, and that it stands as an absolute bar to the Petitioner's attempts to challenge her conviction and sentence on the grounds raised in her Motion to Vacate.

III.   PROCEDURAL BAR

Even if Petitioner had not waived her rights to raise these claims in a § 2255 proceeding, she has procedurally defaulted them. Claims that could have been raised on direct appeal, but were not, are procedurally defaulted. See Bousley v. United States, 523 U.S. 614, 621-22 (1998) (habeas review is an extraordinary remedy and will not be allowed to do service for an appeal). Petitioner did not file a direct appeal in the underlying criminal cases and the instant Motion fails allege that cause and prejudice exist to excuse her procedural default, nor does she allege that she is actually innocent. Accordingly, her failure to raise these claims on direct appeal results in a procedural bar to considering them now. Id.

## CONCLUSION

The Court's initial review of the Petitioner's Motion to Vacate and the relevant record evidence plainly shows that Petitioner is not entitled to relief on any of the claims contained in her Motion to Vacate. She waived her right to seek collateral review of such claims in her Amended Consolidated Plea Agreement and, alternatively, the claims are procedurally barred. Thus, Rule 4(b) of the Rules Governing Section 2255 Proceedings requires the Court to dismiss the instant Motion to Vacate.

**IT IS, THEREFORE, ORDERED** that:

1. Petitioner's Motion to Vacate (Doc. No. 1) is **DISMISSED**; and

2. Petitioner's Motion for the Appointment of Counsel (Doc. No. 2) is **DENIED** as moot.

Signed: May 7, 2007

Robert J. Conrad, Jr.
Chief United States District Judge